# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Jeffrey Lee Whitlow, Jr., )
)
    Petitioner, )
) Civil Action No. 15-0658 (UNA)
)
)
Steven T. Mnuchin[1] *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

In a letter to the Clerk of Court dated September 11, 2019 [Dkt. # 5], petitioner, a prisoner appearing *pro se*, seeks to reopen this mandamus action. The action was dismissed without prejudice on September 4, 2015, based on petitioner's failure to comply with the filing fee requirements of the Prison Litigation Reform Act. *See* Order [Dkt. # 4]. Petitioner's request will be denied.

In its discretion, a court may relieve a party from a final judgment, order or proceeding for any one of six enumerated reasons, *see* Fed. R. Civ. P. 60(b)(1)-(6), none of which petitioner has asserted. Certain motions must be brought with one year of the final order, and all other motions, including those based on the catchall provision of paragraph six, must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Petitioner has not acknowledged, much less explained, the four-year span between the final order and the current motion. Regardless, to justify reopening this matter, petitioner must show that his underlying claim is meritorious. He need not satisfy a particularly "high bar" but still must offer "a hint of a suggestion" that he might prevail if the case is reopened. *Thomas v. Holder*, 750 F.3d 899, 902 (D.C. Cir. 2014)

---

[1] By substitution pursuant to Fed. R. Civ. P. 25(d).

1

(quoting *Marino v. DEA*, 685 F.3d 1076, 1080 (D.C. Cir. 2012) (internal quotation marks omitted)).

Petitioner seeks a writ of mandamus to compel the Secretary of the Treasury, the Secretary of the Department of Transportation, and his Warden, currently at Fort Dix, New Jersey, to "perform[ ] their purely ministerial duties in discharging petitioner from custody and returning" his bonds "and all tangible and intangible property that belongs to petitioner." Pet. for a Writ of Mandamus at 5 [Dkt. # 1]. Petitioner alleges that he is so entitled because "the debt" for his criminal prosecution "has been paid in full and satisfied," *id.* at 1, but his continued incarceration suggests otherwise. *See Whitlow v. United States*, 2015 WL 12001280, at *2 (E.D.N.C. May 19, 2015) (noting that petitioner "was sentenced on February 17, 2005, and is serving a 24 year term of incarceration from a second degree murder conviction in the Superior Court of the District of Columbia") (internal record citation omitted)).

If petitioner were to succeed in this action, his confinement could not stand. Therefore, petitioner's claim is "not cognizable unless and until he meets the requirements of *Heck*" by demonstrating that his sentence has been invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck's* favorable termination requirement applies "no matter the relief sought (damages or equitable relief) . . . if success in the action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (internal quotation marks and other alterations omitted).

For the foregoing reasons, petitioner's request to reopen this action is denied. A separate order accompanies this Memorandum Opinion.

Date: November 27, 2019

/s/ Tanya Chutkan
United States District Judge